LEO *v.* MEYERHOVEN.

1. STIPULATIONS—DECREE ENTERED UNDER STIPULATION MUST CONFORM THERETO.

Where, in a suit to set aside judgment of restitution in summary proceedings on foreclosure of land contract, the parties effected settlement and stipulated for payment of certain sums at stated periods, a substantial discount being allowed from contract price, and that in case of nonperformance decree might be entered in accordance with its provisions, defendants, who elected to take decree under stipulation instead of pursuing remedy under contract, were not entitled to have included in judgment any more than stipulation provided.

2. EQUITY—COUNSEL NOT JUSTIFIED IN INCLUDING UNWARRANTED PROVISIONS IN DECREE.

Strategic considerations do not justify counsel in including unwarranted provisions in proposed decree and casting upon court burden of deleting them.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 6, 1929. (Docket No. 69, Calendar No. 34,374.) Decided July 8, 1929.

Bill by Joseph T. Leo and another against Joseph Meyerhoven and another to set aside a judgment in summary proceedings and to redeem. From a decree for defendants, plaintiffs appeal. Modified and affirmed.

*Kelly, Kelly & Kelly* and *Firmon Lush,* for plaintiffs.

*Rosenberg & Metzger,* for defendants.

FEAD, J. Defendants here, as plaintiffs there, recovered judgment of restitution in summary proceedings on forfeiture of land contract. These plaintiffs appealed to the circuit court, where judgment was entered for these defendants, the judgment reciting that it was by consent. The judgment was merely for money, and about a month later, on motion of these defendants, without notice to plaintiffs, it was amended *nunc pro tunc.* The amendment does not appear in this record.

Plaintiffs then commenced this suit to set aside the judgment and to redeem. On filing bond, they had temporary injunction restraining interference with their possession. Defendants appeared but have not filed an answer because a settlement was negotiated and stipulation therefor executed, September 10, 1928. The stipulation recited that defendants' equity in the land contract was $15,239.61, and "that the defendants are allowing the plaintiffs a discount of two thousand five hundred ($2,500.00) dollars on said equity in order to obtain the cash payment thereof within the time hereinafter set forth." It allowed plaintiffs certain credits, declared, "The parties hereto agree that the net amount of said defendants' equity in said land contract is nine thousand four hundred thirty-six and 78 100ths ($9,436.78) dollar;" acknowledged payment of $1,250, provided for payment on September 12, 1928, of $1,250, "said plaintiffs further agree to pay the balance of said defendants' equity in accordance with the provisions of this stipulation on or before the 25th day of September, A. D. 1928," and that plaintiffs should pay half the mortgage tax. This stipulation materially differed from the original contract, under which the final payment was not due until January 17, 1929.

Plaintiffs having failed to make the last payment, defendants, after notice and hearing, took decree on October 23, 1928, under the following provision of the stipulation:

"In the event the terms of this stipulation are not carried out and performed by the respective parties that a decree may be entered in this cause in accordance with the provisions of this stipulation."

The principal question is whether the discount of $2,500 should be charged against plaintiffs in computing the amount due. Obviously, in electing to take decree under the stipulation, instead of pursuing their remedy under the contract, defendants were bound strictly by its terms. The stipulation did not provide that the discount be withdrawn on default of payment. Plaintiffs did not agree to pay the balance, including the $2,500, in September, 1928, either by stipulation or contract. The stipulation definitely stated the amount to be paid under its terms. No more could be included in the decree. The $2,500 cannot be charged against plaintiffs.

Defendants concede that some of the provisions of the decree were beyond the power of the court, and urge they should be disregarded as surplusage. Even strategic considerations do not justify counsel in including unwarranted provisions in a proposed decree and casting upon the court the burden of deleting them. The surplusage should be stricken. Without discussion of details, the decree should be amended to provide:

1. Dissolution of the injunction restraining enforcement of the judgment at law in the summary proceedings without, however, declaring the effect of that judgment or ordering issuance of writ of restitution thereon.

2. Permission to defendants to take proper proceedings to enforce liability on the injunction bond without, however, undertaking to prejudge and predetermine such liability.

Decree will be modified in accordance with this opinion, with costs to plaintiffs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.